IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LINDA A. STOCUM,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 07-03C
(Judge Margaret M. Sweeney)

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, plaintiff and defendant respectfully submit the following joint preliminary status report in response to the questions set forth in Part III of Appendix A.

**3a. Jurisdiction:**

The parties agree that the Court has jurisdiction to entertain and to decide this action.

**b. Consolidation:**

The parties agree that this case should not be consolidated with any other cases pending in the United States Court of Federal Claims. However, plaintiff is employed by the same Federal agency, the Drug Enforcement Administration ("DEA"), as are many of the plaintiffs in Adams, et al. v. United States, Case No. 90-162C, Boston, et al. v. United States, Case No. 01-518C, Kenneth W. Giles, et al. v. United States, Case No. 04-1283C, Thomas E. English, et al. v. United States, Case No. 05-572C, Lydia Y. Bagley, et al. v. United States, Case No. 06-103C, Julia E. Antilla, et al. v. United States, Case No. 06-139C, Alan M. Evans, et al. v. United States, Case No. 06-183C, Paula F. Albert, et al. v. United States, Case No. 06-223C, Roberta Goralczyk, et al. v.

United States, Case No. 06-283C, Carlos M. Aquino, et al. v. United States, Case No. 06-367C, Wayne Groves, et al. v. United States, Case No. 06-456C, Evangela Forbes v. United States, Case No. 06-510C, Kerry Hamilton v. United States, Case No. 06-680C, Deborah A. George v. United States, Case No. 06-776C and Jeffrey B. Morgan v. United States, Case No. 07-205C, and asserts claims similar, if not identical, to the claims asserted in such cases.

**c. Bifurcation:**

The parties agree that the issues of liability and damages should be bifurcated.

**d. Deferral:**

The parties agree that this case should not be deferred pending resolution of any other cases.

**e. Remand/Suspension:**

None of the parties seek remand or suspension.

**f. Joinder:**

Counsel do not anticipate joining additional parties.

**g. Dispositive Motions:**

At this time the parties do not intend to file motions pursuant to RCFC 12(b) or 12(c). However, if the proposed settlement agreement submitted to defendant on February 15, 2007, in connection with various earlier cases listed in paragraph b, above, is not approved by June 29, 2007, plaintiffs may file a dispositive motion.

**h. Relevant Issues:**

The parties submit that among the major relevant issues presented herein are the following:

1. Whether plaintiff, while employed in a non-supervisory position at DEA was employed in a capacity that is exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., pursuant to the administrative exemption set forth thereunder?

2. In the event plaintiff prevails on the issue of liability, what are the appropriate statutes of limitations applicable to plaintiff's claims?

3. In the event plaintiff prevails on the issue of liability, whether plaintiff is entitled to an award of liquidated damages?

4. In the event plaintiff prevails on the issue of liability, what is the amount of compensatory damages to which plaintiff is entitled and are such damages due for driving a Government owned vehicle from home to work and work to home?

5. In the event plaintiff prevails on the issue of liability, whether plaintiff is entitled to interest on their recovery?

**I. Settlement:**

The parties believe there is a reasonable likelihood of settlement on the issue of whether certain plaintiffs are exempt from the FLSA as well as a likelihood that the amount of damages due plaintiff can be resolved. Plaintiffs submitted a proposed settlement agreement to defendant for review and approval that resolves all of the issues set forth in paragraph h other than issue number 4. It is unlikely that parties will resolve through settlement whether plaintiff is entitled to be compensated for driving a Government-owned vehicle from home to work and work to home. Therefore, the parties propose to defer litigation of such issue pending the outcome of appellants' petition for writ of *certiorari* in Stephen S. Adams, et al. v. United States.

j. **Trial:**

The parties currently are unable to predict whether this matter will proceed to trial. They will be better able to assess this issue following final disposition of the plaintiffs' petition for writ of *certiorari* in Stephen S. Adams, et al. v. United States.

k. **Electronic case management:**

There are no special issues regarding electronic case management needs.

l. **Additional Information:**

Defendant anticipates responding to plaintiff's proposed settlement in the near future.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 616-8275
Fax: (202) 305-7643

Attorneys for Defendant

Dated: 5/7/07

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: 5/8/07

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 8th day of May 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**