# In the United States Court of Federal Claims

No. 07-003C
(Filed: May 15, 2007)

| | |
|---|---|
| LINDA A. STOCUM, Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER

The case sub judice is indirectly related to several other cases pending before the United States Court of Federal Claims, including Hamilton v. United States, 06-680C, which is assigned to the undersigned. On May 8, 2007, the parties in the instant case filed their Joint Preliminary Status Report, in which they represent that the Department of Justice is reviewing a proposed settlement agreement as to all issues of the plaintiff's case except one.[1] The remaining issue of whether plaintiff is entitled to compensatory damages for driving a government-owned vehicle from home to work and work to home, will be determined by the final outcome in Stephen S. Adams, et al. v. United States, Nos. 06-5040, 06-5041. Recently, the United States Court of Appeals for the Federal Circuit denied a petition for rehearing en banc filed by the plaintiffs in Adams. However, the parties in the case sub judice advise that the plaintiffs in Adams intend to file a petition for writ of certiorari.

**Accordingly, the court STAYS proceedings in this case pending the completion of**

---

[1] The issues the parties hope to resolve are:

(1) Whether plaintiff, while employed in a non-supervisory position at the Drug Enforcement Administration was employed in a capacity that is exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., pursuant to the administrative exemption set forth under FLSA?

(2) If plaintiff prevails on the issue of liability, what are the appropriate statutes of limitations applicable to plaintiff's claims?

(3) If plaintiff prevails on the issue of liability, whether plaintiff is entitled to an award of liquidated damages?

(4) If plaintiff prevails on the issue of liability, whether plaintiff is entitled to interest on the recovery?

**settlement negotiations and the appeal in Adams. The parties shall file a joint status report every 90 days, apprising the court of the status of settlement negotiations and the appeal in Adams. The parties shall file their next joint status report no later than Monday, August 13, 2007.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge