IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LINDA A. STOCUM, Plaintiff, | ) | |
| v. | ) | Case No. 07-03C (Judge Margaret M. Sweeney) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

On March 7, 2008, the Court entered an Order herein which provides in relevant part as follows:

> [I]f plaintiff seeks discovery in this matter, then plaintiff should file an appropriate motion, to which defendant will have an opportunity to respond, no later than Friday, March 14, 2008.

A copy of the Court's March 7, 2008 Order is appended hereto as Plaintiff's Attachment 1.

Plaintiff Linda A. Stocum, ("plaintiff" hereinafter), proposes to conduct discovery herein on the issue of compensability under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), for time she has spent driving between home and work in a government vehicle as a Diversion Investigator for the Drug Enforcement Administration ("DEA" hereinafter). Such discovery, at the very least, will involve a request for production of documents, and after receipt thereof, the conduct of one or more RCFC 30(b)(6) depositions. Hence, in accordance with the Court's March 7, 2008 Order, plaintiff is filing the instant motion seeking leave to conduct such discovery.

In support of her motion plaintiff submits the following:

On March 29, 2007, on behalf of plaintiff, her undersigned counsel and counsel for defendant United States of America ("defendant" hereinafter), entered into a partial settlement agreement

concerning the instant case. A copy of the aforementioned "Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 1801 and 1810 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels" is appended hereto as Plaintiff's Attachment 2.

Sections 5.O., Q. and R. of the Partial Settlement Agreement provide in relevant part as follows:

> O. Further, such release [of plaintiffs' claims] will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. For the purpose of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that the plaintiffs covered by this Agreement were FLSA non-exempt during the relevant time period of such claim.
>
> * * *
>
> Q. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraphs 5.D. and 5.H. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.P. herein.
>
> R. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and 5.B., the parties

> have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

Thus, plaintiff expressly reserved her home/work driving claim for further litigation herein.

Nevertheless, as stated by the Court in its March 7, 2008 Order, defendant "believes that plaintiff's [driving] claim is controlled by Adams v. United States, 471 F.3d 1321 (Fed. Cir. 2006), cert. denied, 128 S. Ct. 866 (2008), ["Adams" hereinafter], and should be dismissed as a matter of law."

Plaintiff submits that for several reasons defendant is mistaken and that plaintiff is entitled to conduct discovery herein in support of her claim that she is entitled to be compensated under FLSA for her driving a government vehicle between home and work. A summary of these reasons and explanations thereof follow:

1. Plaintiff's discovery will demonstrate that the facts involved herein differ significantly and materially from those presented in Adams;

2. Two recent Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), have changed materially the law applicable to determinations of compensable time worked under FLSA, including plaintiff's driving;

3. The denial of the plaintiffs' Petition for Rehearing En Banc in the Federal Circuit in Adams, and the denial of the petitioners' Petition for Writ of Certiorari in Adams, do not in any respect constitute affirmance or approval of the Federal Circuit panel's decision in Adams;

4. Principles of res judicata, collateral estoppel or bar are inapplicable to this case.

Support for the foregoing propositions is as follows.

**1. PLAINTIFF'S DISCOVERY WILL DEMONSTRATE THAT UNDER OPM'S FLSA REGULATIONS PLAINTIFF IS ENTITLED TO BE PAID FOR HOME/WORK DRIVING OF HER GOVERNMENT VEHICLE.**

Plaintiff believes that with the aid of discovery she will be able to establish that her driving between home and work in a government vehicle is compensable under FLSA. Hence, 5 C.F.R. § 551.401 of the long-standing Regulations of the Office of Personnel Management ("OPM" hereinafter), defining "Hours of Work" for FLSA purposes declares in relevant part as follows:

> **§ 551.401 Basic principles.**
>
> (a) All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is "hours of work." Such time includes:
>
> (1) Time during which an employee is required to be on duty;
>
> (2) Time during which an employee is suffered or permitted to work; and
>
> (3) Waiting time or idle time which is under the control of an agency and which is for the benefit of any agency.

First, under § 551.401(a)(1), plaintiff believes that discovery will establish that she is, and has been, "on duty" while driving her government vehicle between home and work; and alternatively that under § 551.401(a)(2) she is being "suffered or permitted" to work while driving, <u>see</u> <u>Doe v. United States</u>, 372 F.2d 1347, 1360-61 & nn.6-7 (Fed. Cir. 2004). And, even if her driving were viewed as merely constituting "waiting time or idle time," it is FLSA compensable since it is "for the benefit of [her] agency."

Further, OPM's regulation at 5 C.F.R. § 551.422, declares that "[t]ime spent traveling shall be considered hours of work if . . . (2) <u>[a]n employee is required to drive a vehicle or perform other</u>

work while traveling." (Emphasis added). Thus, such required driving is declared expressly by OPM to be FLSA compensable "hours of work."

Plaintiff submits that with the aid of discovery she will be able to establish that under the foregoing C.F.R. provisions she qualifies for FLSA compensation for her home/work driving.

The documents that plaintiff seek in the foregoing regard follow. A draft of plaintiff's proposed production request is appended hereto as Plaintiff's Attachment 3.

## III. DOCUMENTS REQUESTED

1. All agency documents relating to, reflecting and/or indicating the methods, purposes, rules, regulations, instructions, and/or methodologies whereby Diversion Investigators ("DIs") employed by defendant, including plaintiff, have been authorized or directed to drive, and have driven, between home and/or domicile and work sites and are provided with government owned or leased vehicles ("vehicles") for doing so.

2. All agency documents relating to the equipment DIs employed by the agency, including plaintiff, are permitted, required and/or do transport in the vehicles described in paragraph 1 above.

3. All agency documents relating to the use or the misuse of government owned or leased vehicles by DIs employed by the agency, including plaintiff.

4. All agency documents relating to the handling, transporting, storage and/or training for use, or use, of vehicles by DIs employed by the agency, including plaintiff.

5. All agency documents relating to the Federal income tax treatment of the value of transportation between home or domicile and work sites in agency vehicles by DIs employed by the agency, including plaintiff.

6. All agency documents relating to accidents occurring in connection with the use of agency vehicles by DIs employed by the agency, including plaintiff.

Plaintiff submits that she is entitled to the foregoing documents so that she will be able to support her home/work driving claims.

**2. THE LAW APPLICABLE TO COURT DETERMINATIONS OF TIME WORKED UNDER FLSA HAS CHANGED SINCE ADAMS.**

Defendant's suggestion that the decision of the Federal Circuit's panel in Adams, the denial by the Federal Circuit of the Adams plaintiffs' Petition for Rehearing en Banc, and the Supreme Court's denial of their Petition for Writ of Certiorari, require immediate dismissal of plaintiff's home/work driving claims in this case is mistaken for a number of additional reasons.

In Adams a panel of the Federal Circuit held that occupational code 1811 GS-12 Federal criminal investigators who were issued government vehicles by defendant and were required by defendant to drive them between home and work each day so they might be able to respond to emergencies at any time were not entitled to be compensated under FLSA for such driving.

In so holding, the panel concluded that to entitle the plaintiffs to FLSA compensation "merely commuting in a government-owned vehicle is insufficient, the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the time spent driving." 471 F.3d at 1321. The panel further declared that "[t]he question in this appeal is whether the requirements and restrictions placed on plaintiffs' commutes rise to that level." Id.

In concluding in Adams that the plaintiffs' home/work driving was not FLSA compensable, the panel relied upon its prior decision in Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998), ("Bobo"), in which Border Patrol dog handlers who transported their dogs to and from work in government vehicles each day were held not to be entitled to FLSA compensation for such home/work driving. In Bobo, the Federal Circuit relied principally upon a decision of the Second Circuit in Reich v. N.Y. Transit Auth., 45 F.3d 646 (2d Cir. 1995), in which the Second Circuit

rejected the Secretary of Labor's and the District Court's conclusion, Reich v. New York City Transit Authority, 839 F. Supp. 171 (E.D.N.Y. 1993), that such driving by dog handlers was FLSA compensable.

Plaintiff submits that whatever may be said regarding the panel decisions in Adams and Bobo regarding the home/work driving involved therein, both cases have been severely undercut if not overruled by the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("IBP").

As for Coke, the Supreme Court ruled there that the Second Circuit's conclusion that home care workers were covered by FLSA was contrary to the United States Department of Labor's position set forth in its regulations declaring that home care workers were not covered by FLSA. The Supreme Court held that the courts were obligated to defer to the applicable DOL regulations which declared such employees to be FLSA exempt.

Plaintiff submits that the same situation obtains in this case insofar as home/work driving by Diversion Investigators is concerned and that under the applicable OPM regulations (see p. 4, supra), plaintiff's home/work driving is clearly compensable under FLSA.[1/]

Similarly, in IBP, the Supreme Court held that under the United States Department of Labor's "continuous workday" doctrine, all work performed by employees from the commencement of their workday is FLSA compensable. Plaintiff submits that the results of her discovery will establish that when she enters her government vehicle she commences her workday and that all time spent thereafter by her driving to and from work in her government vehicle constitutes time worked for

---

[1/] In Adams the Federal Circuit's panel did not defer to, nor even consider, the provisions of OPM's regulations relating to time worked referred to above.

FLSA purposes. Thus under IBP her home/work driving will be shown by plaintiff to be FLSA compensable as well.

**3. THE DENIAL OF PETITIONERS' PETITION FOR WRIT OF CERTIORARI AND PETITION FOR REHEARING EN BANC IN ADAMS DO NOT IN ANY WAY CONSTITUTE AFFIRMANCE OF THE FEDERAL CIRCUIT PANEL'S DECISION IN ADAMS.**

That the denial of a petition for writ of certiorari provides no indication of the Supreme Court's views upon the merits of a case hardly needs explication. As the Supreme Court has consistently declared, "[t]he denial of a writ of certiorari imports no expression upon the merits of the case, as the bar has been told many times." United States v. Carver, 260 U.S. 482, 490 (1923). See Martin v. Texas, 382 U.S. 928, 929 (1965); Chessman v. Teets, 354 U.S. 156, 164 n. 13 (1957); Brown v. Allen, 344 U.S. 443, 491-492 (1953) (opinion of Frankfurter, J.).

This too is the case with regard to the Federal Circuit's denial of the Adams plaintiffs' Petition for Rehearing En Banc. Rule 35(a) of the Federal Rules of Appellate Procedure declares as follows:

> (a) When Hearing or Rehearing En Banc May Be Ordered. A majority of the circuit judges who are in regular active service and who are not disqualified may order that an appeal or other proceeding be heard or reheard by the court of appeals en banc. An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless:
>
> (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or
>
> (2) the proceeding involves a question of exceptional importance.

It is thus self-evident that the denial of the Appellants' Petition for Rehearing En Banc in Adams may not be read as reflecting in any way approval by the full Federal Circuit of the panel's decision in Adams.

## 4. THE DECISION IN ADAMS DOES NOT PRECLUDE ADJUDICATION OF PLAINTIFF'S CLAIM HEREIN.

No citation of authority is required to support the proposition that under the doctrines of res judicata, collateral estoppel or bar defendant is not entitled to a dismissal of a lawsuit at its pre-discovery stage filed by a plaintiff who was not a party to prior litigation.

Indeed, plaintiff submits that as requested by defendant, denial of plaintiff's discovery request and dismissal of her driving claim will deprive her of her constitutional and statutory rights to litigate her claim on a full, fair and proper record in this Court, in the Federal Circuit and, if necessary, in the United States Supreme Court.

Further, defendant agreed in the aforementioned Partial Settlement Agreement that plaintiff was entitled to litigate her driving claim herein. Such agreement was part of the consideration for settlement so that defendant may not now be heard or permitted to renege upon its agreement.

Plaintiff awaits defendant's explanation of the basis of its contentions to the contrary.

Accordingly, plaintiff requests the Court to grant it leave to conduct the discovery it seeks.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: March 14, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 14th day of March 2008, a copy of the foregoing "MOTION FOR LEAVE TO CONDUCT DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**