Plaintiff's Attachment 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RALPH E. BOSTON, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 01-518C
(Judge Charles Lettow)

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 90-162C
and consolidated cases
(Judge Lynn J. Bush)

KENNETH W. GILES, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1283C
(Judge Lynn J. Bush)

THOMAS E. ENGLISH, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 05-572C
(Judge Lynn J. Bush)

LYDIA Y. BAGLEY, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Case No. 06-103C
(Judge Lynn J. Bush)

Defendant.

---

JULIE E. ANTILLA, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-139C
(Judge Lynn J. Bush)

---

ALAN M. EVANS, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-183C
(Judge Lynn J. Bush)

---

PAULA ALBERT, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-223C
(Judge Lynn J. Bush)

---

ROBERTA GORALCZYK, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-283C
(Judge Lynn J. Bush)

---

CARLOS M. AQUINO, et al.

Plaintiffs,

| | |
|---|---|
| v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-367C<br>(Judge Lynn J. Bush) |
| WAYNE GROVES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-456C<br>(Judge Lynn J. Bush) |
| EVANGELA FORBES<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-510C<br>(Judge Charles F. Lettow) |
| KERRY HAMILTON<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-680C<br>(Judge Margaret M. Sweeney) |
| DEBORAH A. GEORGE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-776C<br>(Judge Lynn J. Bush) |
| LINDA A. STOCUM | |

| | |
|---|---|
| Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-03C<br>(Judge Margaret M. Sweeney) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT DRUG ENFORCEMENT ADMINISTRATION**
**IN OPM OCCUPATIONAL SERIES 1801 AND 1810**
**NON-SUPERVISORY POSITIONS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods a) while such plaintiffs were employed by the Drug Enforcement Administration ("DEA") in non-supervisory diversion investigator positions at grades GS-9 through GS-13 within OPM occupational series 1801 and 1810 positions, b) who were treated as exempt from the overtime provisions of the FLSA by DEA, and c) whose claims for unpaid overtime pay under the FLSA arising from employment by DEA in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than these cases, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the defendant and DEA having paid them improperly.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in government vehicles, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth herein, and these terms have been accepted on behalf of the Attorney General for defendant.

A. Except as expressly limited below, each plaintiff who has been employed by DEA as a diversion investigator within the OPM occupational series and grades set forth in paragraph 1 shall receive retroactive compensation for pay periods during which he or she was so employed during the twenty-six (26) month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment within the OPM occupational series and grades set forth in paragraph 1; or (2) until the date that such plaintiff was classified and paid as a FLSA non-exempt employee, whichever is earlier as between subparagraph (1) and subparagraph (2).

B. Compensation for the plaintiffs' unpaid overtime shall be paid based on the pay schedules derived from the Locality Pay Table (or,

in years prior to the introduction of locality pay, the General Schedule) using the pay schedule applicable to the particular year in which the FLSA overtime was worked by a plaintiff but not properly paid. For the time period set forth in paragraph 5.A, plaintiffs will compute the number of hours worked before and after their regularly scheduled tours of duty, during meal periods, and unrecorded compensatory time as set forth in 5 C.F.R. § 551.401; for time spent traveling as set forth in 5 C.F.R. § 551.422; and for time spent in training as set forth in 5 C.F.R. § 551.423. The defendant will compute the number of all other FLSA hours and Title 5 overtime hours for which plaintiffs are entitled to receive back pay including, but not limited to, recorded compensatory time taken, recorded compensatory time not taken, and regularly scheduled overtime. The amounts due pursuant to this paragraph shall be increased by seventy (70) percent which will be paid as liquidated damages. For the purposes of computing the amounts of back pay due pursuant to this paragraph before the computation of liquidated damages, hours of work that were compensated by compensatory time off shall be treated as having been compensated at the basic hourly rate applicable to the compensatory time off.

C. Each plaintiff shall verify and submit the claim form attached hereto as Exhibit A to the Government within 90 days of the signing of this agreement. Upon submission of each plaintiff's claim form, defendant shall calculate the overtime due pursuant to paragraphs 5.A and B. With respect to plaintiffs who are deceased, their recovery will be based upon the average back pay received by the other plaintiffs covered by this agreement in a manner to be resolved by the parties.

D. In the event defendant disputes the number of hours claimed by

a plaintiff for FLSA overtime set forth in paragraph 5.B, the parties agree to utilize the following dispute resolution mechanism as the sole means of resolving the dispute: defendant's counsel shall notify plaintiffs' counsel, in writing, within ninety (90) days of the date that the Government receives the plaintiffs' calculations concerning these hours. Defendant's counsel shall specify, in writing, the basis for the dispute, including all available documentation upon which the defendant relies as the basis for the dispute. Upon notification to plaintiffs' counsel that a dispute exists, the parties shall have ninety (90) days within which to recompute the number of hours claimed on a plaintiff's claim form as set forth in paragraph 5.C. In the event the parties are unable to resolve the dispute to the defendant's satisfaction, the dispute will be held in abeyance until June 30 or December 30, whichever occurs first, at which time all unresolved disputes, at the discretion of plaintiffs' counsel, may be submitted to the Court to be resolved, based solely upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court for additional back pay and/or interest, he/she shall also be entitled to an award of reasonable attorneys' fees and costs.

E. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

F. Defendant shall submit to counsel for plaintiffs in advance of calculating the amounts owed plaintiffs the relevant guidance and procedures that it proposes to utilize in computing the amounts, if any, owed to the plaintiffs pursuant to this Agreement for review and comment prior to implementing such formulas, programs and instructions. Counsel for plaintiffs shall submit such comments to defendant within ten (10) days of receipt of defendant's submission. Following such comments, Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within one hundred twenty (120) days of the receipt from plaintiffs of the information described in paragraph 5.C. and to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each plaintiff. Defendant shall certify to plaintiffs' counsel a list of plaintiffs and the amount due each plaintiff pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.D.

G. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal

Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, or from the end of the pay period upon which the payment is made, whichever is latest, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. If a plaintiff fails to submit a claim form within the time period set forth in paragraph 5.C, interest shall cease accruing from the date the claim form is due until such time that it is submitted to the government. Interest shall begin to accrue again on the date submitted until thirty (30) days before payment by the Financial Management Service ("FMS").

H. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, and, if applicable, all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested

information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

I. As set forth in paragraph 5.C., plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder together with their completed claim forms. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined these consolidated actions, the date such case was filed, and the completed claim form.

J. Defendant shall issue an IRS Form W-2 Wage and Tax statement for each plaintiff for the back pay that is paid pursuant to the Agreement, an IRS Form 1099 for each plaintiff for liquidated damages, and an IRS 1099-INT for each plaintiff for interest that may be paid pursuant to this Agreement.

K. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

L. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.E., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

M. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

N. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D and 5.H.

O. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that the plaintiffs covered by this Agreement were FLSA non-exempt during the relevant time period of such claim.

P. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

Q. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters

covered by this Agreement in accordance with the dispute resolution procedures described in paragraphs 5.D. and 5.H. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.P herein.

R. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and 5.B., the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

S. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

T. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5.Q. has been filed in the United States Court of Federal Claims.

Jules Bernstein (by JH)
JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

Linda Lipsett
LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

Edgar N. James (by JH)
EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 6/29/07

PETER D. KEISLER
Assistant Attorney General

Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 616-8275

Attorneys for Defendant

Dated: 6/28/07

# EXHIBIT A

# FLSA OVERTIME HOURS

NAME:____________________

SSN:____________________

DATE FILED:____________________

| Pay Period No. | Workweek Beginning | Job/Series Grade/Step | No. Of Estimated Hours Spent Working Prior To Your Tour Of Duty That Were Not Recorded on Your Time Records | No. Of Estimated Hours Spent Working During Your Lunch Period That Were Not Recorded On Your Time Records | No. Of Estimated Hours Spent Working After Your Tour Of Duty That Were Not Recorded On Your Time Records | No. Of Estimated Hours Of Unrecorded Compensatory Time Taken Off Each Week | No. Of Estimated Hours Spent Driving A Government-Owned Vehicle On Non Work Days On Overnight Assignments | No. Of Estimated Hours Spent Traveling In A Vehicle Away From Official Duty Station Before And After Regular Working Hours | No. Of Estimated Hours Spent Traveling As A Passenger Or By Common Carrier On Non Work Days During Hours That Correspond To Your Regular Working Hours On Overnight Assignments |
|---|---|---|---|---|---|---|---|---|---|
| DOJ pp 25 | 11/15/1992 | | | | | | | | |
| | 11/22/1992 | | | | | | | | |
| DOJ pp 26 | 11/29/1992 | | | | | | | | |
| | 12/6/1992 | | | | | | | | |
| DOJ pp 01 | 12/13/1992 | | | | | | | | |
| | 12/20/1992 | | | | | | | | |
| DOJ pp 02 | 12/27/1992 | | | | | | | | |
| | 1/3/1993 | | | | | | | | |
| DOJ pp 03 | 1/10/1993 | | | | | | | | |
| | 1/17/1993 | | | | | | | | |

NAME:____________________

SSN:____________________

DATE FILED:____________________

| Pay Period No. | Workweek Beginning | Job/Series Grade/Step | No. Of Estimated Hours Spent Working Prior To Your Tour Of Duty That Were Not Recorded on Your Time Records | No. Of Estimated Hours Spent Working During Your Lunch Period That Were Not Recorded On Your Time Records | No. Of Estimated Hours Spent Working After Your Tour Of Duty That Were Not Recorded On Your Time Records | No. Of Estimated Hours Of Unrecorded Compensatory Time Taken Off Each Week | No. Of Estimated Hours Spent Driving A Government-Owned Vehicle On Non Work Days On Overnight Assignments | No. Of Estimated Hours Spent Traveling In A Vehicle Away From Official Duty Station Before And After Regular Working Hours | No. Of Estimated Hours Spent Traveling As A Passenger Or By Common Carrier On Non Work Days During Hours That Correspond To Your Regular Working Hours On Overnight Assignments |
|---|---|---|---|---|---|---|---|---|---|
| DOJ pp 04 | 1/24/1993 | | | | | | | | |
| | 1/31/1993 | | | | | | | | |
| DOJ pp 05 | 2/7/1993 | | | | | | | | |
| | 2/14/1993 | | | | | | | | |
| DOJ pp 06 | 2/21/1993 | | | | | | | | |
| | 2/28/1993 | | | | | | | | |
| DOJ pp 07 | 3/7/1993 | | | | | | | | |
| | 3/14/1993 | | | | | | | | |
| DOJ pp 08 | 3/21/1993 | | | | | | | | |
| | 3/28/1993 | | | | | | | | |
| DOJ pp09 | 4/4/1993 | | | | | | | | |
| | 4/11/1993 | | | | | | | | |

NAME:______________________

SSN:______________________

DATE FILED:______________________

| Pay Period No. | Workweek Beginning | Job/Series Grade/Step | No. Of Estimated Hours Spent Working Prior To Your Tour Of Duty That Were Not Recorded on Your Time Records | No. Of Estimated Hours Spent Working During Your Lunch Period That Were Not Recorded On Your Time Records | No. Of Estimated Hours Spent Working After Your Tour Of Duty That Were Not Recorded On Your Time Records | No. Of Estimated Hours Of Unrecorded Compensatory Time Taken Off Each Week | No. Of Estimated Hours Spent Driving A Government-Owned Vehicle On Non Work Days On Overnight Assignments | No. Of Estimated Hours Spent Traveling In A Vehicle Away From Official Duty Station Before And After Regular Working Hours | No. Of Estimated Hours Spent Traveling As A Passenger Or By Common Carrier On Non Work Days During Hours That Correspond To Your Regular Working Hours On Overnight Assignments |
|---|---|---|---|---|---|---|---|---|---|
| NFC pp 08 | 4/18/1993 | | | | | | | | |
| | 4/25/1993 | | | | | | | | |
| NFC pp 09 | 5/2/1993 | | | | | | | | |
| | 5/9/1993 | | | | | | | | |
| NFC pp 10 | 5/16/1993 | | | | | | | | |
| | 5/23/1993 | | | | | | | | |
| NFC pp 11 | 5/30/1993 | | | | | | | | |
| | 6/6/1993 | | | | | | | | |
| NFC pp 12 | 6/13/1993 | | | | | | | | |
| | 6/20/1993 | | | | | | | | |
| NFC pp 13 | 6/27/1993 | | | | | | | | |
| | 7/4/1993 | | | | | | | | |

**VERIFICATION**

I declare pursuant to the penalty provisions of 18 U.S.C. § 1001, that the foregoing represents my best estimate of the number of unrecorded hours per week that I spent working while I was a GS-9 through GS-13 diversion investigator in occupational code 1801 and 1810 at DEA.

Date: ______________________ ______________________

SIGNATURE

______________________

PRINT NAME

______________________

SOCIAL SECURITY NUMBER