IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LINDA A. STOCUM, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-03C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO CONDUCT DISCOVERY

Defendant, the United States, respectfully responds to the motion of plaintiff, Linda A. Stocum, for leave to conduct discovery.

INTRODUCTION

In June 2007, the parties entered into a partial settlement agreement in this case and 13 other cases, covering the claims of the plaintiffs in these cases for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., arising from employment with the Drug Enforcement Administration ("DEA") as non-supervisory diversion investigators at grades GS-9 through GS-13. Motion for Leave, Attachment 2.[1] The agreement stated:

> The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

Id. ¶ 4 (emphasis added). The agreement provided for the release of the Government from the FLSA claims covered by the agreement, id., ¶ 5.M, and stated that "such release will not affect

[1] As indicated by the referenced attachment, the parties signed the agreement in June 2007, not in March, as stated by Ms. Stocum. Motion for Leave 2. Although this error is not significant, we note it to avoid confusion.

any right any plaintiff may have to continue to pursue . . . their claims for the time solely spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee," id., ¶ 5.O (emphasis added). Pursuant to the terms of the agreement, the parties filed a stipulation of partial dismissal with the Court, dismissing the claims settled by the agreement. Like the stipulations filed in the other cases, the stipulation in this case stated that the agreement did not cover "plaintiffs' FLSA claims for the time solely spent driving a Government vehicle between home and work . . . ." See Docket Entry No. 13. Ms. Stocum's claim for overtime pay for the time she spent solely driving a Government vehicle between home and work is the only claim remaining to be adjudicated in this case.

Claims identical to the home-to-work driving claims in this case, asserted by thousands of criminal investigators and other employees in various related positions, were previously adjudicated by this Court. The Court entered summary judgment in favor of the Government as to all of these claims, holding that the driving in question did not constitute compensable work under the FLSA. The United States Court of Appeals for the Federal Circuit unanimously affirmed this decision. The plaintiffs' petition for rehearing en banc was denied, and the Supreme Court denied plaintiffs' petition for a writ of certiorari. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008).

The issues remaining to be adjudicated in this case are the same as those decided in Adams. The activity in question – driving between home and work in a Government vehicle – is the same. The position involved here is well within the range of positions involved in Adams. Although the DEA investigators in Adams were criminal investigators whereas plaintiff here is a

DEA diversion investigator, Adams involved employees with a variety of investigative duties at DEA and at other agencies, and employees with non-investigative duties at other agencies. With respect to whether the driving in question constitutes compensable work under the FLSA, no material difference between the driving involved here and in Adams is apparent. If there is such a difference, however, Ms. Stocum must know what it is. Ms. Stocum can hardly claim that she lacks knowledge of the nature and purpose of her own activities.

Yet, in her motion for leave to take discovery, she has stated no facts concerning the nature or purpose of her driving, much less facts indicating that her driving is in any material way different from the driving involved in Adams. She asserts that the desired discovery "will demonstrate that the facts involved herein differ significantly and materially from those presented in Adams," Motion for Leave 3, but she provides no clue as to what those facts might be. The argument in support of this assertion is a legal argument concerning the FLSA that was rejected in Adams. She does, in this argument, describe certain categories of documents that she proposes to request. But, if this description is an indication of the kinds of facts she expects to prove, it demonstrates an intent merely to prove the same facts that the plaintiffs in Adams proved, and that led to summary judgment being entered in the Government's favor.

Ms. Stocum also argues that the law governing the compensability of home-to-work driving under the FLSA has changed. The cases that she cites as reflecting this change are fully consistent with Adams, and do not reflect any change in the law that was applied in Adams.

Finally, Ms. Stocum argues that the denial of the Adams plaintiffs' petition for rehearing en banc in the Federal Circuit and their petition for a writ of certiorari in the Supreme Court did not constitute affirmances of the Federal Circuit panel decision, and that "[p]rinciples of res

judicata, collateral estoppel or bar are inapplicable to this case." Motion for Leave 2. Nothing in these arguments, however, detracts from the effect of Adams as binding precedent in this case.

## ARGUMENT

### I. Ms. Stocum Has Failed To Identify Any Material Issues Of Fact As To Which Discovery Might Be Appropriate In Light Of Adams

Ms. Stocum has offered no fact concerning the driving for which she seeks compensation, much less facts distinguishing her driving from the driving involved in Adams. Nevertheless, she asserts that discovery "will demonstrate that the facts involved herein differ significantly and materially from those presented in Adams," Motion for Leave 3, and that "with the aid of discovery she will be able to establish that her driving between home and work in a government vehicle is compensable under FLSA." Motion for Leave 4. In support of this assertion, Ms. Stocum cites two FLSA regulations, 5 C.F.R. §§ 551.401, 551.422, which she interprets in a manner that was rejected by this Court in Adams, 65 Fed. Cl. at 239-40,[2] and proceeds to argue that "with the aid of discovery she will be able to establish that under the foregoing C.F.R. provisions she qualifies for FLSA compensation for her home/work driving." Motion for Leave 5. However, for Ms. Stocum to prove that she would be entitled to compensation under an interpretation of the referenced regulations that was rejected in Adams can accomplish no more for her than it did for the plaintiffs in Adams. Nor do these regulations, even under her own interpretation, have anything to do with whether her driving is

[2] The Federal Circuit in Adams did not expressly discuss these regulations, but the reasoning and conclusions contained in the Federal Circuit's opinion impliedly reject the plaintiffs' interpretation of these regulations.

distinguishable from the driving involved in Adams or whether discovery concerning this issue is necessary or appropriate.

Ms. Stocum offers nothing more concerning her purported need for discovery, other than a description of certain categories of documents that she proposes to request. But, if this description is an indication of the kinds of facts she expects to prove, it demonstrates an intent merely to prove the same facts that the plaintiffs in Adams proved, and that led to summary judgment being entered in the Government's favor. The proposed requests would seek documents concerning matters such as agency instructions concerning Government vehicles, equipment transported by Diversion Investigators in their vehicles, misuse of vehicles, Federal income tax treatment of the value of commuting in Government vehicles, and accidents in such vehicles. Motion for Leave 5. The plaintiffs in Adams offered evidence of Government policies and requirements concerning these matters, but, to the extent that any of these matters were even ostensibly material, the Court found that the cited policies and requirements did not indicate home-to-work driving in Government vehicles to constitute compensable work under the FLSA. See, e.g., 65 Fed. Cl. at 240-41; 471 F.3d at 1323.

Further, if there were any Government policies, requirements, or restrictions governing Ms. Stocum's driving that differed materially from those affecting the driving performed by the plaintiffs in Adams, Ms. Stocum would know what they were, and would be able to identify them and request documents specifically relating to them.[3] The fact that Ms. Stocum has not

[3] Although not all of the evidence presented to the Court in Adams is expressly discussed in the opinions of this Court and of the Federal Circuit in that case, all of this evidence, as well as any evidence that plaintiffs' counsel in that case may have developed but not offered, is available to plaintiff in this case, because the plaintiffs in Adams and in this case are represented by the same counsel.

done so suggests that Ms. Stocum is merely fishing for the same kind of evidence that was developed in Adams, in the hope that this evidence will somehow produce a different result than it did in Adams. Even assuming that the realization of this hope is theoretically possible, the Government should not have to be burdened with responding the broad discovery sought by Ms. Stocum. Given the holding in Adams and Ms. Stocum's familiarity with the circumstances of her own home-to-work driving, discovery should be limited to specific facts as to which a need for discovery can be demonstrated, if such facts truly exist.

II. The Applicable Law Has Not Changed Since Adams

Ms. Stocum asserts that,

> whatever may be said regarding the panel decisions in Adams and Bobo [v. United States, 136 F.3d 1465 (Fed. Cir. 1998)] regarding the home/work driving involved therein, both cases have been severely undercut if not overruled by the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("IBP").

Motion for Leave 7. This assertion, as it relates to IBP, is quite puzzling; IBP was decided prior to Adams, and was discussed by the Federal Circuit in its opinion in Adams. 471 F.3d at 1325. Ms. Stocum may not agree with the Federal Circuit's reading of IBP, but this does not make the Federal Circuit's decision any less binding here.[4]

Coke was decided after Adams, but, like IBP, it is not in any way inconsistent with Adams. As Ms. Stocum acknowledges, the Supreme Court in Coke ruled against the plaintiff employees, holding that they were exempt from the FLSA under the regulations of the

---

[4] IBP does not deal with home-to-work driving, nor does it's reasoning lend support to the notion that Ms. Stocum's home-to-work driving is compensable under the FLSA. If anything, it confirms the opposite. See IBP, 546 U.S. at 40-41.

Department of Labor ("DOL"). In an effort to stretch Coke into the shape of a post-Adams change in the law, Ms. Stocum seizes upon the Supreme Court's holding that "the courts were obligated to defer to the applicable DOL regulations which declared such employees to be FLSA exempt," Motion for Leave 7, proceeds to argue that "the same situation obtains in this case insofar as home/work driving by Diversion Investigators is concerned and that under the applicable OPM regulations . . . , plaintiff's home/work driving is clearly compensable under FLSA," id., and then states that "[i]n Adams the Federal Circuit's panel did not defer to, nor even consider, the provisions of OPM's regulations relating to time worked referred to above." Id., n.1. This argument, however, has nothing to do with any change in the law, but is rather a repetition of the unsuccessful argument of the Adams plaintiffs that home-to-work driving is compensable under 5 C.F.R. §§ 551.401, 551.422. Nor did Adams involve a failure to defer to these regulations; rather, it involved a refusal to read into the regulations the meaning that the Adams plaintiffs urged. As we have demonstrated, Ms. Stocum's interpretation of these regulations was specifically discussed and rejected by this Court in Adams. 65 Fed. Cl. at 239-40. The fact that the Federal Circuit did not also expressly discuss these regulations does not signify anything more than that the panel simply did not view this interpretation as warranting discussion.

III. The Federal Circuit's Decision In Adams Is Binding Precedent In This Case

Ms. Stocum argues that the denial of the Adams plaintiffs' petition for rehearing en banc in the Federal Circuit and the denial of their petition for a writ of certiorari in the Supreme Court did not constitute affirmances of the Federal Circuit panel decision. We have never contended that they did. Ms. Stocum further argues that her home-to-work driving claim is not barred by

res judicata or collateral estoppel. We have never contended that it was. What we contend, and what Ms. Stocum has not refuted, is that the Federal Circuit's decision in Adams is binding precedent in this case. As the Federal Circuit has observed, "[t]here can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims." Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006). This Court "may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court." Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

If this Court follows the precedent of Adams, as it must, Ms. Stocum will remain free to appeal in the hope of eventually obtaining a favorable result from the Federal Circuit en banc or from the Supreme Court. The denials of the above-mentioned petitions in Adams indicate that even this prospect is extremely remote at best, and is not a justification for burdening the Government with discovery in this case.[5]

[5] To buttress her argument that discovery is warranted despite Adams, Ms. Stocum states that "defendant agreed in the aforementioned Partial Settlement Agreement that plaintiff was entitled to litigate her driving claim herein. Such agreement was part of the consideration for settlement so that defendant may not now be heard or permitted to renege upon its agreement." Motion for Leave 9. It is plain from the cited partial settlement agreement, however, that the agreements provisions concerning home-to-work driving were not consideration for the settlement, but were simply an exclusion of the home-to-work driving claim from the settlement, leaving that claim to be adjudicated. Nothing in the partial settlement agreement suggests an agreement by the Government to engage in purposeless discovery or other unnecessary litigation activities, or otherwise to pretend that legal questions resolved by Adams remained to be resolved here.

CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to conduct discovery should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

March 26, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 26th day of March 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Shalom Brilliant