IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LINDA A. STOCUM, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Case No. 07-03C (Judge Margaret M. Sweeney) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

1. In Defendant's Opposition to Plaintiff's Motion for Leave to Conduct Discovery ("Def. Opp. __"), defendant argues that requiring it to produce documents in this case would constitute an undue burden upon it. However, in a case pending before Judge Emily Hewitt of this Court styled Gonzalez, et al. v. United States, Case No. 07-790C, precisely the same issue of home/work driving by Diversion Investigators in the same job category as plaintiff herein, is presented. There Judge Hewitt, after a telephonic status conference with the parties, issued an order on March 28, 2008, a copy of which is attached, requiring defendant to provide to plaintiffs documents pursuant to plaintiffs' production request which are in most respects identical to those that plaintiff proposes to request in this case. Plaintiff submits that since defendant is obligated to provide such documents to plaintiffs in the Gonzalez case, and since the plaintiffs in both cases are represented by undersigned counsel, the additional burden upon defendant to provide such documents to plaintiff herein is minimal.

2. Defendant argues further that the evidence in the Adams case "is available to plaintiff in this case, because the plaintiffs in Adams and in this case are represented by the same counsel."

Def. Op. p. 5, n. 3. However, the mere happenstance of common counsel in both cases does not entitle defendant to avoid providing the requesting documents to plaintiff herein. Further, certain of the documents sought herein are unique to plaintiff's employment by defendant as a Diversion Investigator and were not produced in the Adams case, such as plaintiff's individual driving records.

3. Defendant appears to argue that under the doctrine of stare decisis the decision of the Federal Circuit's panel in the Adams case is binding upon this Court in this case. However, it is well-established that "the doctrine of stare decisis applies to only legal issues and not issues of fact." Avenues in Leather v. United States, 423 F.3d 1326, 1331 (Fed. Cir. 2005). Thus, while stare decisis "makes each judgment a statement of the law, or precedent, binding in future cases, . . . [i]t deals only with law, as the facts of each case must be determined by the evidence adduced at trial. . . ." Mendenhall v. Cedar Rapids, Inc., 5 F.3d 1557, 1570 (Fed. Cir. 1993). Thus plaintiff is fully entitled to the documents sought both to make her factual and legal case and to be able to distinguish this case from Adams on the law.

Further, that the application of the doctrine of stare decisis has limits is reflected in a "Panel Discussion on Intra-Circuit Conflicts," which occurred in 2001 at the Third Bench and Bar Conference of the Federal Circuit Bar Association in which Federal Circuit Chief Judge Michel participated. In the course of responding to a question, the following was stated by Chief Judge Michel:

> **Judge Michel** . . . We have a case, a predominant case about stare decisis and later panels being bound as Null, so sometimes people talk about the Rule of Null and en gros in the sort of first cut, a crude analysis, the Rule of Null is that later panels are bound by every decision of every earlier panel and that's right but it's not the end of the analysis. I would suggest to you that there are some subtler variations. So, let's call that Null 1 and I'm going to give you my personal version of Null 2, 3, and 4. These aren't real decisions but

> if you search around, I think you can find this in our precedent. Null 2 would be, if the later panel distinguishes, let's assume fairly, the apparently conflicting earlier decision, then the Rule of Null 1 does not apply. That is the second panel's decision can be different and it's legitimate. Null 3 would be where a Supreme Court case controls; it would trump the earlier panel so the later panel would be free to do what it did and it would be legitimate assuming that the analysis is fair and then Null 4, and this is the most controversial, and these are just my own ideas of course. Null 4 would be, if the earlier decision had no analysis, cited no authority, but just made a statement, a single sentence just declaring some proposition of law. The later panel has a lot more flexibility in that circumstance where it can provide principled reasons and can cite authority to go on a divergent path. So there are a lot more subtleties than just the iron law that the first case always trumps every later case. It's not that simple. [See 11 Fed. Cir. B.J. 623, 648-649 (2001).]

In this case plaintiff will argue that the law has changed since Adams on the basis of the Supreme Court's Alvarez and Coke decisions, see Plaintiff's Motion for Leave to Conduct Discovery, p. 3, and that in any event Adams is inapplicable based upon the unique and distinct facts presented by this case. Plaintiff submits that the discovery she seeks is essential to presenting such distinguishing facts.

4. Further, as to defendant's claim that plaintiff is aware of the facts relating to her driving claim, plaintiff submits that she is entitled to obtain the documents of defendant which will provide official government records of defendant relating to when and why plaintiff drove, whether defendant considered her to be "on duty" when she drove, as well as other facts she believes will establish the compensability under FLSA of her home/work driving time. Defendant simply has failed to establish that plaintiff is not entitled to access to such documents.[1/]

---

[1/] In its Answer filed in this case on March 5, 2007, defendant responded as follows to an allegation in plaintiff's complaint:

(continued...)

5. Defendant is aware that Official Government Vehicles (GOV) are issued by the Drug Enforcement Administration (DEA), for home-to-work utilization by Diversion Investigators only for specifically required field work in connection with assigned criminal investigations. Such assignments of vehicles are of limited duration. This is entirely distinct from the driving involved in Adams which consisted of the unlimited assignment of vehicles for driving between home and office so that the plaintiffs could respond to emergencies from home.

Thus, plaintiff submits that the facts related to the home/work driving herein are different from those involved in Adams and that the records of defendant relating to such driving by plaintiff are necessary for her to establish that such driving constitutes time worked under FLSA.

6. Next, defendant's response constitutes in realty an assertion that plaintiff has failed to state a claim. However, such assertion should have been the subject of a motion to dismiss under RCFC 12(b)(6) and been filed prior to defendant's Answer. Thus, defendant's response may not now serve as a defense to plaintiff's production request.

7. Finally, defendant concedes that if plaintiff is unsuccessful in this court, she "will remain free to appeal in the hope of eventually obtaining a favorable result from the Federal Circuit en banc or from the Supreme Court." Def. Op. 8. However, without access to the documents plaintiff requires to present her case, her right to appeal will be an empty one.

---

[1/](...continued)

> 20. Admits the allegations contained in the first sentence of paragraph 20 that the employment, time, work and compensation records for plaintiff are in the possession, control, and custody of defendant and its officers and agencies except to the extent that such records may have been destroyed inadvertently or in accordance with Government schedules for the retention and destruction of the documents. . .

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: April 4, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 4th day of April 2008, a copy of the foregoing "PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**