IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LINDA A. STOCUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-03C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS,
DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED

Defendant, the United States, respectfully submits this reply in support of our motion for judgment on the pleadings, dismissing the claims remaining claims to be adjudicated, i.e., plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for time solely spent driving a Government vehicle between home and work.

INTRODUCTION

In our moving brief, we established that, under controlling precedent, established by the United States Court of Appeals for the Federal Circuit, plaintiff, Linda A. Stocum ("Stocum"), was not entitled to compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for time solely spent driving a Government vehicle between home and work. Adams v. United States, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998). We further established that Stocum's home-to work driving claim was not distinguishable from home-to-work driving claims rejected in Adams and Bobo.

In her response, Stocum argues that the validity of Adams and Bobo has been undermined by two Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S.

Ct. 2339 (2007), and National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967 (2005). Neither of these Supreme Court decisions, however, involved a question as to whether home-to-work driving – or, indeed, any other activity – constituted compensable work under the FLSA. In fact, National Cable had nothing to do with the FLSA at all. Nor does Stocum go so far as to contend that the holding in either Adams or Bobo is actually in conflict with the holdings in the referenced Supreme Court cases. Stocum relies upon these cases, rather, to argue that there were flaws in the Federal Circuit's reasoning in Bobo and Adams. Stocum's attack upon Bobo and Adams is unfounded. Even if there were merit to this attack, however, it would be out of place. Stocum is are free to seek to persuade the Federal Circuit to overrule its decision in these cases, but, unless and until this occurs, these cases remain binding upon this Court.

Stocum also argues that her claim is distinguishable from those in Bobo and Adams because the specific position involved here – Drug Enforcement Administration ("DEA") Diversion Investigator – was not among the various positions involved in those cases, and that the reason why diversion investigators are given vehicles for home-to-work driving is so that they can utilize the vehicles in connection with field work, rather than to respond to emergencies (as in Adams) or to transport dogs (as in Bobo). This is a distinction without a difference. The reasoning in Bobo and Adams is as applicable here as in those cases.

Finally, Stocum argues that the doctrine of stare decisis is not applicable here, and that, therefore, Bobo and Adams need not be followed. This argument is a repackaging of Stocum's preceding arguments, and, like those arguments, it is devoid of merit.

# ARGUMENT

## I. The Federal Circuit's Decisions In Bobo and Adams Continue To Be Binding Precedent In This Case

Stocum asserts that, "whatever else may be said regarding the panel's conclusion in Adams that the driving involved there was not FLSA compensable, the reasoning in Adams has been nullified by the Supreme Court's decisions in Coke and National Cable." Plaintiff's Response 3. In the heading of the argument that Stocum offers in reliance upon these cases, she asserts that "determinations of the law applicable to 'time worked' under FLSA has changed significantly since Adams." Id. at 2. The cited cases, however, effected no change in the law involved here. National Cable was actually decided prior to Adams. More important, far from "nullifying" Adams, the holdings in these cases have nothing to do with the holding in Adams or with "determinations of the law applicable to 'time worked' under FLSA." As Stocum acknowledges, the Supreme Court in Coke ruled against the plaintiff employees, holding that they were exempt from the FLSA under the regulations of the Department of Labor ("DOL"). The question whether home-to-work driving – or, indeed, any other activity – constitutes compensable work under the FLSA was neither involved nor addressed in Coke. And, National Cable had nothing whatsoever to do with the FLSA or with any other substantive issue in this case.[1]

---

[1] Oddly, Stocum attempts to buttress her reliance upon Supreme Court cases having nothing to do with home-to-work driving with several pages of argument based upon a Federal Circuit case also having nothing to do with home-to-work driving: Billings v. United States, 322 F.3d 1328 (Fed. Cir. 2003), cert. denied, 540 U.S. 982 (2003). Stocum suggests that the reasoning in Adams is at odds with the reasoning in Billings, which concerned the interpretation of the FLSA's executive exemption. Stocum fails to explain why this Court should refuse to follow a Federal Circuit case directly in point based upon a claimed inconsistency with the reasoning contained in another Federal Circuit decision that is tangentially relevant at best. Even more oddly, Stocum cites two Second Circuit decisions that do concern home-to-work driving, both of which held that the driving in question was not compensable under the FLSA: Singh v.

(continued...)

Stocum cites these cases not for any substantive principle, but, rather, for certain general principles of statutory construction that he contends were not properly followed by the Federal Circuit in Adams. Specifically, Stocum cites these cases for the manner in which they applied the principles set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984), concerning deference to agency regulations and interpretations. Stocum argues that the Federal Circuit in Adams did not show the requisite deference to certain Office of Personnel Management ("OPM") regulations, and placed greater reliance, instead, upon its own precedent in Bobo. Thus, the gist of plaintiffs' argument against the binding effect of the Federal Circuit's holdings in Bobo and Adams is not that the latter cases have been overruled or otherwise nullified, but that, under applicable principles of statutory construction, they were wrongly decided. (Stocum directs her argument at Adams, and says little about Bobo, but she impliedly faults Bobo for much the same reasons as Adams.) This argument lacks merit, and, in any event, does not detract from the binding effect of Bobo and Adams in this Court.

Stocum's argument lacks merit because it erroneously assumes that deference to the OPM regulations upon which he relies – 5 C.F.R. §§ 551.401 and 551.422 – would have produced a different result. Adams did not involve a failure to defer to these regulations; rather, it involved a refusal to read into the regulations the meaning that the Adams plaintiffs urged. Stocum's interpretation of these regulations was specifically discussed and rejected by this Court

[1](...continued)
City of New York, 524 F.3d 361 (2nd Cir. 2008), and Reich v. New York City Transit Authority, 45 F.3d 646 (2nd Cir. 1995). Stocum argues that these cases are distinguishable. We need not address the merits of the claimed distinctions. The distinguishability of decisions from another circuit holding home-to-work driving non-compensable is hardly a reason for this Court not to follow Federal Circuit decisions holding such driving non-compensable.

in Adams. See Adams v. United States, 65 Fed. Cl. 217, 239-40 (2005). The fact that the Federal Circuit did not also expressly discuss these regulations does not signify anything more than that the panel simply did not view this interpretation as warranting discussion. Further, the Federal Circuit did expressly address section 551.401 in Bobo, 136 F.3d at 1467, and held that the regulation did not require FLSA compensation for home-to-work driving time in the absence of more than de minimis work performed during that time. Neither this holding, nor the Federal Circuit's reliance upon it in Adams, reflected any failure to give Chevron deference to applicable agency regulations.

Finally, even if there were merit to Stocum's critique of Bobo and Adams, the critique would provide, at most, a reason for another court, not bound by Federal Circuit precedent, to decline to follow these cases as persuasive authority, or for the Federal Circuit to overrule its decisions in these cases. Unless and until these cases are overruled, however, they remain binding upon this Court. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006); Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

## II. The Distinctions Stocum Raises Based Upon the Fact That She Is A Diversion Investigator Is Not Material To Whether Her Home-to-Work Driving Is Compensable

Stocum also argues that her claim is distinguishable from those in Bobo and Adams because the specific position involved here – DEA Diversion Investigator – was not among the various positions involved in those cases, and that the reason why diversion investigators are given vehicles for home-to-work driving is so that they can utilize the vehicles in connection with field work, rather than to respond to emergencies (as in Adams) or to transport dogs (as in Bobo). This, however, is not a material distinction.

At the outset, we must stress that the issue raised by our motion is not whether field work itself is compensable, including driving during the course of performing field work. Our motion concerns time solely spent driving between home and the work place. Stocum blurs the distinction, and beg the question at issue, by asserting that she "drove and drives between home and work performing 'field work' pursuant to the provisions of 31 U.S.C. § 1344 . . . ." Plaintiff's Response 13. This assertion assumes that driving to and from field work is itself field work. The cited statute itself, however, does not equate driving to and from field work with field work itself, and the regulations cited by Stocum expressly distinguish between these two types of activities.[2]

A comparison of the provisions in section 1344 concerning driving between home and the place of field work with the provisions of section 1344 that were addressed in Adams demonstrates that driving a Government vehicle between home and work is not rendered compensable by virtue of the fact that the work involved is field work. In Adams, the Federal Circuit observed:

> The plaintiffs also argue that 31 U.S.C. § 1344 should alter the outcome of this case. That statute is a money allocation provision that prohibits federal funds from being spent on transportation for other than official purposes. It makes clear that

[2] As Stocum point out, Plaintiff's Response 14, the regulations define "field work" as "official work requiring the employee's presence at various locations other than his/her regular place of work. . . ." 41 C.F.R. § 102-5.30 (2007). The same regulation states that "[h]ome-to-work transportation means the use of a Government passenger carrier to transport an employee between his/her home and place of work," and that "[w]ork means any place within the accepted commuting area . . . where an employee performs his/her official duties." Thus, if work must be performed in various locations other than the employee's regular place of work, it is field work. But, driving from home to the employee's place of work is home-to-work transportation, regardless whether the place of work is the employee's regular place of work or a field work location within the accepted commuting area. Driving from home to a field work location is simply not the same as performing field work.

> "transportation between the residence of an officer or employee and various locations that is . . . essential for the safe and efficient performance of . . . criminal law enforcement duties[ ] is transportation for an official purpose." Id. § 1344(a)(2). While the statute defines the commutes at issue here to be essential to the agencies for budgetary purposes, it does not follow that those commutes constitute compensable work by the officers. The fact that the commutes are not an illegal expenditure of government resources does not change the result: Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis. . . .

471 F.3d at 1327-28.[3] The phrase "essential for the safe and efficient performance of . . . criminal law enforcement duties," quoted from the statute in Adams, appears in subsection (B) of section 1344(a)(2). Stocum relies upon subsection (A) of the same statute, which refers to transportation that is "required for the performance of field work, in accordance with regulations prescribed pursuant to subsection (e) of this section . . . ." Plaintiff's Response 14, quoting 31 U.S.C. § 1344(a)(2). In all other respects, the provisions in section 1344 upon which Stocum relies are identical to the provisions in section 1344 discussed by the Federal Circuit in Adams.

Stocum fails to explain why the Federal Circuit's above-quoted observations concerning home-to-work driving that is "essential for the safe and efficient performance of . . . criminal law enforcement duties" are any less applicable with respect to home-to-work driving that is "required for the performance of field work . . . ." Stocum fails to explain how the specific justification under section 1344 for authorizing home-to-work driving in a Government vehicle has any bearing at all upon whether the driving constitutes compensable work. The performance

[3] This case does not present the question whether Stocum performed work during her commutes beyond the mere act of driving, because her claims under the FLSA have been settled except with respect to time solely spent driving a Government vehicle between home and work. See Docket Entry No. 11 (Stipulation of Partial Dismissal, filed June 29, 2007).

of criminal law enforcement duties and the performance of field work are, of course, compensable work. The fact that home-to-work driving is found to be required for the performance of the work in question does not render the driving itself compensable under Adams, whether the work is criminal law enforcement or field work.

III. Stocum's Argument Concerning Stare Decisis Does Not Detract From The Binding Effect Of Bobo And Adams Here

In our moving brief, we did not raise the doctrine of stare decisis, other than to point out that this Court is bound by the legal precedent established by the decisions of the Federal Circuit, including, for purposes of this case, Adams and Bobo. Nevertheless, Stocum argues at length that the doctrine of stare decisis does not apply. The gist of Stocum's argument appears to be that (1) Federal Circuit precedent is binding as to the law, not the facts; (2) stare decisis does not require a court to follow its prior decisions when those decisions can be distinguished or shown to be clearly wrong; and (3) the Federal Circuit's holding in Adams is distinguishable and/or wrong.

As we have demonstrated, however, Bobo and Adams are neither distinguishable nor wrong. And, in the absence of any material factual distinctions, the result here must be the same as in Bobo and Adams; logically, application of the same law to indistinguishable facts must produce the same result. Further, as we have also demonstrated, even if this Court believed that Bobo and Adams were wrong, it would still be bound by those decisions. See Coltec, 454 F.3d at 1353; Crowley, 398 F.3d at 1335. The authorities that Stocum cites concerning stare decisis do not suggest otherwise. Stocum quotes at length certain comments by Federal Circuit Chief Judge Michel in a panel discussion at the Third Bench and Bar Conference of the Federal Circuit Bar Association, Plaintiff's Response 16-17, but these comments have nothing to do with the obligation of the Court of Federal Claims to follow Federal Circuit precedent. The

comments concern, rather, the extent to which an appellate court panel is bound by earlier panel decisions of the same appellate court. At issue here is not the stare decisis effect of a court's own precedents, but the binding effect of an appellate court decision upon a trial court within the jurisdiction of that appellate court. Stocum's argument concerning stare decisis is thus irrelevant.[4]

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, Stocum's claim under the FLSA for the time solely spent driving a Government vehicle between home and work should be dismissed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

[4] Similarly beside the point is Stocum's final argument, that the denial of the Adams plaintiffs' petition for rehearing en banc in the Federal Circuit and the denial of their petition for a writ of certiorari in the Supreme Court did not constitute affirmances of the Federal Circuit panel decision. Plaintiff's Response 17-18. We have never contended that they did. What we contend, and what Stocum has not refuted, is that the Federal Circuit's decision in Adams is binding precedent in this case.

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

July 7, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**