IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LINDA A. STOCUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-03C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE "DRIVING TIME" ISSUE

Defendant, the United States, respectfully submits this reply in support of our motion to stay briefing and other proceedings concerning Plaintiff's Motion for Partial Summary Judgment Regarding the "Driving Time" Issue pending disposition of Defendant's Motion for Judgment on the Pleadings, Dismissing the Claims Remaining to Be Adjudicated.

In our stay motion, we demonstrated that plaintiff's motion for partial summary judgment was filed more than three weeks after our motion for judgment on the pleadings was fully briefed; that a stay of plaintiff's motion pending disposition of the Government's motion would promote efficiency and judicial economy; that to require the Government to respond to plaintiff's motion at this time would unfairly give plaintiff a second bite at the apple through briefing and other submissions that could have been offered with plaintiffs' reply to our dispositive motion but were not; and that disposition of this action based upon our fully-briefed motion would be likely to result in an earlier resolution of this matter, while proceedings on plaintiff's motion would delay the disposition of this action.

In her opposition to our stay motion, plaintiff conceded that she "might very well have filed all of the material that supports her partial summary judgment motion in opposition to

defendant's motion for judgment on the pleadings." Plaintiff's Opposition 2. She does not explain why she did not do so. If she believed that her partial summary judgment motion and supporting papers contained arguments or facts warranting denial of judgment on the pleadings, she presumably would – and certainly should – have included them in her response to our motion, rather than wait until after we filed our reply. She does not suggest that the Court would have been precluded from ruling upon our motion for judgment on the pleadings once that motion was fully briefed and before plaintiff filed her motion for partial summary judgment, nor does she explain why Court would be precluded from deciding our motion now, despite the intervening filing of plaintiff's summary judgment motion.

Plaintiff also argues that the proceedings on her motion are likely to advance, rather than delay, the disposition of this action. This is so, according to plaintiff, because

> if this Court were to grant defendant's motion for judgment on the pleadings, this matter would thereafter require an appeal to the Federal Circuit by plaintiff, whereas consideration of this matter on plaintiff's motion for partial summary judgment, and defendant's pending motion and any cross-motion that defendant might file, may result in a more reasoned and final decision by this Court on a fuller record. Such a course would make any required appeal more comprehensive, authoritative and dispositive.

Plaintiff's Opposition 2. By this statement, plaintiff actually concedes that proceedings concerning her summary judgment motion will delay disposition of this action, and indicates that the Court's decision is likely to be appealed in any event. Her argument comes down to the contention that it is better to defer final judgment and any appeal from that judgment so that she can add to the record what she previously omitted. This contention lacks merit.

Plaintiff also argues that if she had

> chosen to submit her factual evidence in opposition to defendant's motion for judgment on the pleadings, and the Court thereafter converted the proceeding into a motion for summary judgment pursuant to RCFC 12(c), the Court would have been required to provide to all parties a "reasonable opportunity to present all material made pertinent to such motion by RCFC 56." By filing her motion for partial summary judgment, plaintiff has reduced the need for extended proceedings under RCFC 56, and this circumstance will clearly serve to expedite this proceeding.

Plaintiff's Opposition 3. This argument is entirely backward. If plaintiff had submit her evidence with her opposition to our motion for judgment on the pleadings, and if the Court had converted the proceeding into a motion for summary judgment, then any further proceedings that might have been required under RCFC 56 would have begun at that time. By filing her motion for partial summary judgment when she did, plaintiff did not reduce the claimed need for such proceedings at all; she simply delayed the initiation of these proceedings. See also Easter v. United States, No. 04-1435C, 2008 WL 4165478 (Fed. Cl. Aug. 1, 2008), a case involving claims almost identical to those involved here, in which the plaintiffs offered evidence in response to the Government's motion for judgment on the pleadings, and the Court, without any further proceedings under Rule 56, granted summary judgment in favor of the Government.

Finally, plaintiff argues that defendant's position herein is lacking in credibility because

> in Forbes v. United States, Case No. 06-510C ("Forbes") and Gonzalez, et al. v. United States, Case No. 07-790C ("Gonzalez"), which are pending in this Court, defendant filed its oppositions to plaintiffs' motions for partial summary judgment on September 9, 2008. Indeed, in Gonzalez defendant filed a cross-motion for partial summary judgment. Plaintiffs' motions for partial summary judgment in Forbes and Gonzalez are almost identical to plaintiff's partial summary judgment motion herein. . . .

Plaintiff's Opposition 3. Unlike this case, however, the plaintiff in Forbes filed her partial summary judgment motion together with her response to our motion for judgment on the pleadings rather than after we filed our reply, and our response to her summary judgment motion was included in our reply. In Gonzalez, no motion for judgment on the pleadings was filed at all. Neither of those cases was ready for disposition before the summary judgment motion was filed. This case was, and still is. Plaintiff's belated filing of a partial summary judgment motion did not change that, either procedurally or substantively. Dismissal of the case was warranted before the latter motion was filed, and nothing in that motion and its supporting papers warrants a different result. Accordingly, our motion for judgment on the pleadings should be decided prior to any proceedings concerning plaintiff's motion.

For the foregoing reasons, and for the reasons stated in our moving brief, briefing and other proceedings concerning plaintiff's motion for partial summary judgment should be stayed pending disposition of our fully-briefed motion for judgment on the pleadings.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

September 12, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE 'DRIVING TIME' ISSUE," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**